IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DYNAMIC 3D GEOSOLUTIONS LLC,<br><br>          Plaintiff,<br><br>v.<br><br>SCHLUMBERGER LIMITED<br>(SCHLUMBERGER N.V.);<br>SCHLUMBERGER HOLDINGS<br>CORPORATION; AND<br>SCHLUMBERGER TECHNOLOGY<br>CORPORATION,<br><br>          Defendants. | CASE NO.: 1:14-CV-00112-LY<br><br>JURY TRIAL DEMANDED |

## SCHLUMBERGER'S RESPONSE IN OPPOSITION TO NON-PARTY AUSTIN GEOMODELING, INC.'S MOTION TO QUASH SUBPOENA

## TABLE OF CONTENTS

                                                                                                                           **Page**

I. Summary of Argument ................................................................................................ 1

II. Discussion .................................................................................................................... 2

      A. Schlumberger Has Offered to Narrow Its Subpoena But Austin Geo Has Refused to Meaningfully Confer With Schlumberger ............................ 3

      B. Austin Geo's Blanket Claims of Privilege Fail ..................................................... 5

      C. The Austin Geo Subpoena Allowed Reasonable Time for Reply ......................... 9

      D. The Austin Geo Subpoena Was Timely ............................................................... 10

III. Conclusion .................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

Advanced Tech. Incubator, Inc. v. Sharp Corp.,
  263 F.R.D. 395 (W.D. Tex. 2009) ............................................................................................. 5

Biological Processors of Ala., Inc. v. N. Ga. Envtl. Servs., Inc.,
  09-3673, 2009 WL 1663102 (E.D. La. June 11, 2009) ............................................................. 9

Bramante v. McClain,
  No. SA-06-CA-0010-WWJ, 2007 WL 102314 (W.D. Tex. Jan. 8, 2007) ................................. 5

Choice, Inc. of TX v. Graham,
  No. 04-CV-1581, 2005 WL 1431689 (E.D. La. May 31, 2005) ................................................ 2

Crosby v. Blue Cross Blue Shield of La.,
  No. 08-CV-0693, 2012 WL 5450040 (E.D. La. Nov. 7, 2012) ................................................. 7

Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.,
  219 F.R.D. 403 (E.D. Tex. 2003) .............................................................................................. 8

Hodges, Grant & Kaufmann v. United States,
  768 F.2d 719 (5th Cir. 1985) ..................................................................................................... 5

Hoelzel v. First Select Corp.,
  214 F.R.D. 634 (D. Colo. 2003) .............................................................................................. 10

In re Santa Fe Int'l Corp.,
  272 F.3d 705 (5th Cir. 2001) ............................................................................................ 5, 7, 9

In re Tinsel Grp., S.A.,
  No. H-13-2836, 2014 WL 243410 (S.D. Tex. Jan. 22, 2014) ................................................ 8, 9

Katz v. AT & T Corporation,
  191 F.R.D. 433 (E.D. Pa. 2000) ................................................................................................ 9

King v. Univ. Healthcare Sys., L.C.,
  645 F.3d 713 (5th Cir. 2011) ..................................................................................................... 6

Tiberi v. CIGNA Ins. Co.,
  40 F.3d 110 (5th Cir. 1994) ..................................................................................................... 10

Udoewa v. Plus4 Credit Union,
  457 F. App'x 391 (5th Cir. 2012) .............................................................................................. 6

<u>United States v. BDO Seidman, LLP</u>,
   492 F.3d 806 (7th Cir. 2007) .................................................................................... 7

<u>United States v. El Paso Co.</u>,
   682 F.2d 530 (5th Cir. 1982) ...................................................................................... 5

**RULES**

Fed. R. Civ. P. 26(b)(3) .................................................................................................... 7

Fed. R. Civ. P. 45(d)(3)(A) ............................................................................................ 10

Fed. R. Civ. P. 45(e)(2) .................................................................................................... 6

Fed. R. Civ. P. 45(e)(2)(A)(ii) ....................................................................................... 10

Schlumberger opposes the Motion of Non-Party Austin Geomodeling, Inc. ("Austin Geo") to Quash Subpoena, ECF No. 72 (hereafter "Austin Geo's Motion" or "Motion to Quash").

## I. SUMMARY OF ARGUMENT

Austin Geo's Motion is part of a coordinated effort by every entity that is the subject of Schlumberger's Motion to Disqualify to avoid producing even a single document in response to subpoenas directed at them, despite the Court's express order permitting such discovery.[1] During its August 12, 2014 Pretrial Conference, the Court expressly lifted the discovery stay so that the parties could take discovery necessary for the Court to decide Schlumberger's motion. Ex. 10, 2nd Pretrial Hr'g Tr. 37:17-23. Plaintiff's opposition to Schlumberger's Motion to Disqualify relied heavily on summary declarations and conclusory testimony, without documentary support, that Plaintiff contends establishes that disqualification in unnecessary. Plaintiff asserts that Schlumberger's former Deputy General Counsel for Intellectual Property, Charlotte Rutherford, had absolutely nothing to do with this case.[2] See e.g., Fischman Decl., ECF No. 61-8; Collins Decl., ECF No. 61-9. Consequently, and as expressly contemplated by the Court Order (Ex. 10, 2nd Pretrial Hr'g Tr. 37:17-23), Schlumberger served subpoenas on entities identified in Plaintiff's motion papers, seeking the production of documents to test the veracity of Plaintiff's denials.

---

[1] Austin Geo, represented by Plaintiff's counsel, filed its Motion to Quash in this Court. Charlotte Rutherford, Michael Collins, and the Collins Edmonds firm simultaneously filed coordinated motions to quash in the U.S. District Court for the Southern District of Texas. Schlumberger will move to transfer those motions to this Court (hopefully unopposed), so that the Court that ordered the subject discovery can evaluate the motions seeking to preclude it. Other subpoenaed entities, namely Acacia Research Corp., Acacia Research Group, Acacia Techs. LLC and Acacia executives, Gary Fischman and Matthew Vella, have filed objections to their subpoenas (on which the parties are conferring). So far, no subpoenaed party has agreed to produce a single document.

[2] That contention is directly refuted by Rutherford's own sworn testimony that she "concurred" in the recommendation to acquire the '319 Patent and "sue Schlumberger." Ex. 11, Rutherford Dep. vol. 1, 70:24-71:19, 79:17-81:5, 82:8-17, 86:9-87:22, 99:11-100:5; Ex. 12, Rutherford Dep. vol. 2, 27:2-4, 27:10-13, 31:11-18, 35:7-10; 35:19-23.

Austin Geo's Motion to Quash should be denied. It was filed without any meaningful attempt to meet and confer with Schlumberger. Ex. 8, Wingard Decl. ¶¶ 4-11. The Motion ignores Schlumberger's offer, made when Austin Geo first (belatedly) raised its objections, to narrow the subpoena in a way that accommodates Austin Geo's concerns while allowing Schlumberger the discovery contemplated by the Court's Order. Austin Geo's Motion: (1) mischaracterizes the discovery Schlumberger seeks; (2) misconstrues the alleged burden of compliance; and (3) misstates the scope of privilege. Despite Austin Geo's failure to confer, Schlumberger unilaterally proposed a narrowed subpoena to address Austin Geo's burden claims. Though represented by Plaintiff's counsel—who was present when the Court directed the parties to "try to work out . . . reasonable discovery" on the disqualification issue (Ex. 10, 2nd Pretrial Hr'g Tr. 37:17-23)—Austin Geo has failed to engage in any meaningful discussion of these narrowed requests.

Plaintiff's opposition to disqualification has put the subpoenaed documents at issue. Having injected these documents into the case, Plaintiff and its associated entities cannot now hide behind claims of burden and privilege. The Court should deny the Motion to Quash and order Austin Geo to fully and promptly comply with Schlumberger's narrowed subpoena, Ex. 6-A, SLB's Rev. AGM Subpoena.[3]

## II. DISCUSSION

"The burden of persuasion in a motion to quash a subpoena is borne by the movant." Choice, Inc. of TX v. Graham, No. 04-CV-1581, 2005 WL 1431689, at *1 (E.D. La. May 31, 2005) (citation omitted). Austin Geo fails to carry its burden. Its Motion should be denied.

---

[3] Alternatively, Plaintiff could obviate the need for discovery by withdrawing its unsupported evidentiary assertions on the disqualification motion. But Plaintiff cannot continue to rely on those assertions and deny Schlumberger the documentary evidence necessary to test the veracity of those self-serving assertions, particularly in the face of the Court's clear Order.

### A. Schlumberger Has Offered to Narrow Its Subpoena But Austin Geo Has Refused to Meaningfully Confer With Schlumberger

As set out in the accompanying declarations of Paige Amstutz and Steve Wingard, attached as Exhibits 7 and 8 respectively, Austin Geo filed its Motion to Quash without any meaningful attempt to meet and confer. Since filing the Motion to Quash, Austin Geo has rebuffed repeated efforts by Schlumberger's counsel to confer and resolve Austin Geo's concerns without Court intervention.[4] Ex. 8, Wingard Decl. ¶¶ 4-12. Even though its original subpoena sought readily discoverable information under Rules 26 and 45, Schlumberger unilaterally narrowed its subpoena to address Austin Geo's stated concerns. Ex. 8, Wingard Decl. ¶ 10; Ex. 6-A, SLB's Rev. AGM Subpoena. The modified requests are even more narrowly tailored to require production and/or logging of only the documents that are most probative to Schlumberger's Motion to Disqualify. In offering to modify the original subpoena, Schlumberger has reduced the number of document requests from nine to just five.[5] The five remaining requests (four of which have been substantially narrowed) avoid the issues raised by Austin Geo's Motion to Quash.

Original Request No. 1 seeks communications with Rutherford "concerning Schlumberger, Petrel and/or this Litigation." Ex. 1, SLB's Orig. AGM Subpoena 10. Plaintiff's opposition to

---

[4] As Schlumberger was assembling this Response to Austin Geo's Motion to Quash for filing, today, the date that it is due, counsel for Schlumberger received an email from counsel for Austin Geo representing that he will contact counsel for Schlumberger today to set up a time to meet and confer. The email does not provide any substantive response to Schlumberger's offer to narrow the subpoena. Despite Schlumberger's attempt to confer with Austin Geo immediately upon learning of its objections to the subpoena, and despite Schlumberger's repeated attempts, both by phone and by email, to engage Austin Geo in such discussions, Austin Geo has never meaningfully discussed whether its objections can be resolved by agreement of the parties. Ex. 8, Wingard Decl. ¶ 11.

[5] Schlumberger has offered to withdraw Original Requests Nos. 2, 3 and 4 directed at Austin Geo. Although those requests seek relevant documents, Schlumberger is willing to pursue those documents from other related entities. Schlumberger has also offered to withdraw Original Request No. 8, which merely seeks documents sufficient to show the organizational structure of the entities subject to its disqualification motion.

3

Schlumberger's Motion to Disqualify relies heavily on its repeated summary claim that there purportedly were no such communications. See e.g., Pl.'s Resp. 11 ("Ms. Rutherford has been walled off from any discussion of Schlumberger or its technology with anyone at the firm."), ECF No. 61; Collins Decl. ¶ 14 (same), ECF No. 61-9. If those representations are accurate, this request imposes literally no burden on Austin Geo. If there are responsive documents, then they are relevant to the pending Motion to Disqualify and both Schlumberger and the Court are entitled to their production (or at a minimum, a complete schedule of the documents so that the Court can determine if they are privileged and should be reviewed in camera). Fed. R. Civ. P. 45(e)(2).

Original Request Nos. 5, 6, and 7 respectively sought communications with Austin Geo and related entities concerning Rutherford's participation in: (1) this Litigation; (2) the decision to acquire the '319 Patent; and (3) the decision to sue Schlumberger. Ex. 1, SLB's Orig. AGM Subpoena 10-11. Schlumberger offered to narrow all three of these requests to documents created before April 17, 2014, the date Schlumberger's counsel first notified the Court of Rutherford's conflict-of-interest. Ex. 6-A, SLB's Rev. AGM Subpoena 8. This date cut off reduces the number of documents that are responsive. Schlumberger has also offered to eliminate from these requests the references to the related entities. Id. These requests are narrowly targeted at testing the "evidence" that Plaintiff submitted in opposition to Schlumberger's Motion to Disqualify. Plaintiff has represented to the Court that Rutherford has never participated in this Lawsuit. If true, Narrowed Requests Nos. 5, 6, and 7 will impose little (or no) burden on Austin Geo. The documents sought go to the very heart of Schlumberger's Motion to Disqualify—i.e., Rutherford's role in Acacia's decisions to acquire the '319 Patent and file this action against her former client.

Last, Schlumberger has offered to narrow its Original Request No. 9, which seeks information about the motivation for Rutherford's hire, to documents created before Rutherford

4

started working at Acacia on June 3, 2013. Id. This date cut off reduces the number of responsive documents. Schlumberger has also eliminated references to related entities. If Austin Geo's representations about the limited nature of their contacts with Rutherford are true, this request imposes little or no burden. If there are responsive documents then Schlumberger is entitled to know why Rutherford was hired and what steps were and/or were not taken to "wall her off." At a minimum, responsive documents must be logged so the Court may properly consider claims of privilege and whether it wishes to review the documents in camera. Fed. R. Civ. P. 45(e)(2).

### B. Austin Geo's Blanket Claims of Privilege Fail

Austin Geo's blanket statement that "many if not most of the responsive documents would end up on a privilege log" (Mot. to Quash 8) cannot justify quashing the subpoena as a matter of law. Apart from being legally unsupported, that conclusory claim concedes that certain of the documents that fall within the scope of Schlumberger's original subpoena (perhaps many) are not privileged.

Austin Geo bears "[t]he burden of demonstrating the applicability of the privilege" and has failed to establish that any "particular document" is privileged, as it must. Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir. 1985) (citations omitted); In re Santa Fe Int'l Corp., 272 F.3d 705, 709 n.5 (claimant "had the burden of demonstrating that each document withheld" was protected under common legal interest privilege (emphasis added)).

> The attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents . . . . [because] blanket assertions disable the court and the adversary party from testing the merits of the claim of privilege.

Bramante v. McClain, No. SA-06-CA-0010-WWJ, 2007 WL 102314, at *1 (W.D. Tex. Jan. 8, 2007) (citation omitted). Rather, "[t]he privilege must be specifically asserted with respect to particular documents." United States v. El Paso Co., 682 F.2d 530, 539 (5th Cir. 1982); see also Advanced Tech. Incubator, Inc. v. Sharp Corp., 263 F.R.D. 395, 399 (W.D. Tex. 2009) ("motion to

5

quash must be denied" where only "blanket assertion of privilege" made); Fed. R. Civ. P. 45(e)(2) (party asserting privilege or work product must "describe the nature of the withheld [items] . . . in a manner that . . . will enable the parties to assess the claim").

First, third-party Austin Geo's generalized assertion that its documents are covered by attorney-client privilege rests on its naked claim that "Rutherford's role is that of an attorney to both [Plaintiff] Dynamic 3D [Geosolutions LLC] and Acacia." Mot. to Quash 7. But that claim, made by Austin Geo/Plaintiff's counsel, refutes Plaintiff's repeated representations that Rutherford does not represent Plaintiff Dynamic 3D Geosolutions LLC. For example:

> ➢ Plaintiff represented to the Court that Rutherford is not "co-counsel" to the Collins Edmonds firm because she allegedly "<u>does not represent Dynamic Geo in any capacity</u>," Ex. 14, J. Status Rep. 32 n.8 (emphasis added);
>
> ➢ Plaintiff represented at May 16, 2014 meet and confer that "Rutherford has never held any position within Dynamic 3D Geosolutions and has <u>never represented that entity</u>," Ex. 14, J. Status Rep. 4 (emphasis added); and
>
> ➢ Plaintiff represented to the Court that "Rutherford . . . <u>does not represent Dynamic Geo in any capacity</u>," Ex. 15, Collins' Apr. 21, 2014 Ltr. 3 n.2 (emphasis added).

According to Austin Geo/Plaintiff's counsel, Rutherford "never" served as Plaintiff's lawyer or served as co-counsel "<u>in any capacity</u>."

Putting aside which of those irreconcilable representations to this Court is true, Austin Geo's Motion fails to establish the most basic elements of privilege. "The attorney-client privilege protects <u>communications made in confidence</u> by a client to his lawyer <u>for the purpose of obtaining legal advice</u>." <u>King v. Univ. Healthcare Sys., L.C.</u>, 645 F.3d 713, 720 (5th Cir. 2011) (citation omitted) (emphasis added). The Dommisse declaration fails to state whether there were, in fact, any "communications made in confidence" by Austin Geo's personnel to Acacia's attorneys "for the purpose of obtaining legal advice." <u>See generally</u> Dommisse Decl., ECF No. 72-2. Next, as the Court is aware, "[t]he work product doctrine applies to documents

'prepared in anticipation of litigation.'" <u>Udoewa v. Plus4 Credit Union</u>, 457 F. App'x 391, 393 (5th Cir. 2012). Acacia did not make a final decision to acquire the '319 Patent from Austin Geo until November 18, 2013. Pl.'s Resp. 9, ECF No. 61.[6] Taking that representation at face value, communications occurring before November 18, 2013 could not, by definition, have been in anticipation of litigation. There is no basis for a claim of privilege or work product protection.

Second, Austin Geo's blanket assertion that all of its communications with Plaintiff and/or Acacia are subject to the common legal interest privilege ("CLIP") is also legally erroneous. First, Austin Geo's Motion fails to cite a single Fifth Circuit case to support its position. <u>See</u> Mot. to Quash 3 (citing <u>United States v. BDO Seidman, LLP</u>, 492 F.3d 806, 815-16 (7th Cir. 2007)). That is unsurprising because in the Fifth Circuit the only "two types of communications protected under the . . . privilege are: (1) communications between co-defendants in actual litigation and their counsel; and (2) communications between potential co-defendants and their counsel." <u>In re Santa Fe</u>, 272 F.3d at 710 (citation omitted). The subpoenaed documents indisputably fall outside the scope of such communications. Indeed, it is questionable whether Austin Geo is entitled to make <u>any</u> claim of common interest privilege because "[i]t is questionable in the Fifth Circuit whether the common interest doctrine extends to plaintiffs." <u>Crosby v. Blue Cross Blue Shield of La.</u>, No. 08-CV-0693, 2012 WL 5450040, at *4 (E.D. La. Nov. 7, 2012) (finding no cases). The Court should reject Austin Geo's assertion of common interest privilege, which is contrary to the controlling Fifth Circuit law.

---

[6] "ARG [Acacia Research Group] entered into an agreement with AGM [Austin Geo] to acquire the '319 patent on August 20, 2013, <u>subject to due diligence</u> . . . . <u>On November 18, 2013, ARG transmitted a formal written notice to Austin Geomodeling, Inc. of acceptable completion of the investigation period on the '319 patent</u>, and ARG advised Austin Geomodeling, Inc. that the patent assignment agreement dated August 20, 2013 continued with full force and effect." Pl.'s Resp. 9, ECF No. 61 (emphasis added) (citations omitted).

Next, "third-party" Austin Geo claims that the "special protections" from discovery afforded non-parties apply here. Mot. to Quash 6. Likewise, when trying to deny the court jurisdiction or avoid imputation of Rutherford's conflict (Pl.'s Resp. 1, ECF No. 61), Plaintiff repeatedly argued that Dynamic Geo is the sole party to this litigation. But, Plaintiff did not exist until December 6, 2013. Ex. 13, Pl.'s Cert. of Formation. Austin Geo, Acacia, and the other "non-parties" associated with Plaintiff cannot have it both ways. They cannot be central to the plan to sue Schlumberger during the period predating Plaintiff's creation and then claim to be "third-parties" after orchestrating Plaintiff's creation.[7] There is no Fifth Circuit precedent to support extending CLIP to non-parties before the only party that purportedly anticipates litigation even exists. Cf. In re Tinsel Grp., S.A., No. H-13-2836, 2014 WL 243410, at *3 (S.D. Tex. Jan. 22, 2014) ("[F]act that all of the respondents . . . are not even co-defendants . . . make[s] . . . reliance on the common interest privilege even more tenuous.").

Fourth, Austin Geo's interest in '319 Patent litigation is purely commercial. Mot. to Quash 3 (claiming CLIP "[b]ecause AGM [Austin Geo] retains an interest in the proceeds of any enforcements of the '319 Patent"). But, "[a] commercial interest . . . does not trigger the common interest doctrine." Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc., 219 F.R.D. 403, 406 n.1 (E.D. Tex. 2003) (citation omitted).

Fifth, Austin Geo's CLIP claim fails to establish that Austin Geo and Acacia had the requisite identity of interests prior to final completion of the licensing agreement on November

---

[7] The Court may recall that the Plaintiff has no employees; its only "member/manager" is Acacia Research Group (the entity that employs Rutherford), and its corporate representative in this action is Acacia Vice President Gary Fischman (who reports to Rutherford). Ex. 11, Rutherford Dep. vol. 1, 36:22-37:6 (no employees); 40:21-42:4 (Fishman reports to Rutherford); Ex. 13, Pl.'s Cert. of Formation (listing "Acacia Research Group LLC" as sole governing member); Ex. 9, 1st Pretrial Hr'g Tr. 3:7-11 (Fischman as Plaintiff's "corporate representative"); Ex. 10, 2nd Pretrial Hr'g Tr. 3:8-13 (same).

18, 2013. See supra pages 7-7. To obtain protection under CLIP a claimant must establish "a palpable threat of litigation at the time of communication, rather than a mere awareness that one's questionable conduct might someday result in litigation." In re Sante Fe, 272 F.3d at 711; see also In re Tinsel, 2014 WL 243410, at *3 (CLIP did not apply prior to claimants executing "common interest agreement").[8] As explained above, there could be no threat of litigation, much less a palpable threat, prior to Acacia deciding that it would finalize its agreement with Austin Geo on November 18, 2013. See supra pages 7-7.

### C. The Austin Geo Subpoena Allowed Reasonable Time for Reply

The three-weeks provided to Austin Geo to comply with the subpoena is longer than the minimum permitted by Rule 45, reasonable, and consistent with the Court's direction to deal with Schlumberger's Motion to Disqualify "extremely quickly."[9] Ex. 10, 2nd Pretrial Hr'g Tr. 37:22. Schlumberger served the subpoena on Friday, September 12, 2014 and set a compliance date of Thursday, October 2, 2014. Ex. 1, SLB's Orig. AGM Subpoena at 1. Austin Geo first objected to the subpoena 13-days later (after business hours), the night before it was required to respond. Ex. 7, Amstutz Decl. ¶ 6; Ex. 3, Collins' Sept. 25 email. Schlumberger's Motion to Disqualify is set for hearing on November 20, 2014; there is ample time for Austin Geo to comply.[10]

---

[8] In Katz v. AT & T Corporation, the court rejected a patentee and licensee's CLIP claim for failure to show "identical legal, and not solely commercial, interest" prior to execution of the licensing agreement. 191 F.R.D. 433, 437-38 (E.D. Pa. 2000).

[9] Austin Geo cites no authority supporting its argument. Courts typically find that a subpoena unreasonable only when the subpoenaed party is given days, not weeks, to comply. See e.g., Biological Processors of Ala., Inc. v. N. Ga. Envtl. Servs., Inc., 09-3673, 2009 WL 1663102, at *2 (E.D. La. June 11, 2009) (three days unreasonable). This objection is baseless.

[10] Austin Geo's criticism of Schlumberger for serving the requests without first discussing them is off base. Schlumberger did not know that Austin Geo was represented by the Collins Edmonds firm until the night before Austin Geo served its Motion to Quash. Ex. 7, Amstutz Decl. ¶¶ 3, 6. Instead, the Collins Edmonds firm had previously declined to accept service of Austin Geo's subpoena and gave no indication it represented Austin Geo. Id. at ¶4; Ex. 2, Amstutz Sept. 11 email.

### D. The Austin Geo Subpoena Was Timely

Schlumberger followed the Court's instruction at the August 12, 2014 Pretrial Conference by waiting to serve subpoenas until after Plaintiff filed its opposition to the Motion to Disqualify. Ex. 10, 2nd Pretrial Hr'g Tr. 37:17-23 ("[W]hat I [the Court] want you to do is, <u>once the motion and response is filed</u> . . . try to work out what you really think you're going to need in the way of . . . reasonable discovery to get me to that motion . . . ." (emphasis added)). Austin Geo's argument that Schlumberger should have disregarded the Court's direction is hard to credit, particularly because its counsel (the same counsel representing the Plaintiff) was present when the Court gave its direction. Regardless, Austin Geo's contention that Schlumberger's subpoena is untimely flies in the face of the Court's express direction.

### III. CONCLUSION

The Court should: (1) deny Austin Geo's Motion; (2) order Austin Geo to comply with the modified subpoena, attached as Exhibit 6-A, and produce all responsive documents within five (5) days of its order[11]; (3) order that there is no common interest privilege between Austin Geo and the Plaintiff prior to November 18, 2013; (4) require that Austin Geo produce a privilege log for any documents it contends are privileged that fully complies with the requirements of Fed. R. Civ. P. 45(e)(2)(A)(ii), within five (5) days of its order; (5) order Austin Geo to ensure all logged documents are available for in camera review; and (6) grant any other relief the Court deems just.[12]

---

[11] Fed. R. Civ. P. 45(d)(3)(A); <u>Tiberi v. CIGNA Ins. Co.</u>, 40 F.3d 110, 112 (5th Cir. 1994) (court has discretion to modify subpoena that is subject to a motion to quash).

[12] Many courts summarily deny discovery motions when counsel fails to meaningfully confer, as Austin Geo/Plaintiff's counsel did here. <u>See e.g.</u>, <u>Hoelzel v. First Select Corp.</u>, 214 F.R.D. 634, 636 (D. Colo. 2003) (denying motion for counsel's failure to <u>meaningfully</u> confer). Although Schlumberger is entitled to seek such relief, it merely requests full compliance with the modified subpoena, so that the Court can resolve its disqualification motion on the merits.

Dated: October 6, 2014

                        Respectfully submitted,

By: _/s/ Paige A. Amstutz_
Stephen E. McConnico, State Bar No. 13450300
Steven J. Wingard, State Bar No. 00788694
Paige Arnette Amstutz, State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, TX 78701
Tel.: (512) 495-6300
Fax: (512) 474-0731
smcconnico@scottdoug.com
swingard@scottdoug.com
pamstutz@scottdoug.com

Maximilian A. Grant (*pro hac vice*)
Gabriel K. Bell (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street N.W., Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
max.grant@lw.com
gabriel.bell@lw.com

Ann Marie Wahls (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel.: (312) 876-7700
Fax: (312) 993-9767
annmarie.wahls@lw.com

Terrence J. Connolly (*pro hac vice*)
Thomas J. Humphrey (*pro hac vice*)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864
terrence.connolly@lw.com
thomas.humphrey@lw.com

*Attorneys for Defendants*
*Schlumberger Limited (Schlumberger N.V.),*
*Schlumberger Holdings Corporation and*
*Schlumberger Technology Corporation*

## CERTIFICATE OF SERVICE

    I hereby certify that, on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael J. Collins
> John J. Edmonds
> Henry Pogorzelski
> Shea N. Palavan
> Matthew C. Juren
> COLLINS, EDMONDS & POGORZELSKI,
>    SCHLATHER & TOWER, PLLC
> 1616 S. Voss Road, Suite 125
> Houston, Texas 77057
> mcollins@cepiplaw.com
> jedmonds@cepiplaw.com
> hpogorzelski@cepiplaw.com
> spalavan@cepiplaw.com
> mjuren@cepiplaw.com

_/s/ Paige A. Amstutz_
Paige Arnette Amstutz